UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY JOHNSON,

        Plaintiff,

Case No. 1:06-CV-374

Hon. Gordon J. Quist

vs.

SHREE BEARDSLEE, *et al.*,

        Defendant.

_____/

**ORDER GRANTING IN PART THE PARTIES' MOTIONS TO STRIKE AFFIDAVITS**

This matter is now before the court on defendants' motion to strike the affidavit of Frederick Weisgerber (docket no. 81) and plaintiff's motion to strike the affidavits of defendants Lionel Haskins, Matthew Macauley and Shree Beardslee (docket no. 86). All of these affidavits are relevant to defendants' pending motion for summary judgment (docket no. 31).

    **I.**    **Legal standard**

The requirements for submitting an affidavit in support of, or in opposition to, a motion for summary judgment were summarized by the court in *Reddy v. Good Samaritan Hospital & Health Center*, 137 F.Supp.2d 948 (S.D.Ohio,2000):

> Fed.R.Civ.P. 56(e) sets forth three requirements for affidavits which are used in support of or in opposition to a motion for summary judgment. It provides that those affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." These requirements are mandatory. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2738 (2d ed.1983); *Collazos-Cruz v. United States*, 117 F.3d 1420, 1997 WL 377037 (6th Cir.1997). "An affidavit that does not satisfy the requirements of Rule 56(e) is subject to a motion to strike." *Collazos-Cruz*, 117 F.3d 1420, 1997 WL 377037 at \*2, *citing Noblett v. General Elec. Credit Corp.*, 400 F.2d 442, 445 (10th Cir.), *cert. denied*, 393 U.S. 935, 89 S.Ct. 295, 21 L.Ed.2d 271 (1968).

*Reddy*, 137 F.Supp.2d at 954. Affidavits must be based upon personal knowledge. "[S]tatements in affidavits that are based, in part, upon information and belief, cannot raise genuine issues of fact, and thus also cannot defeat a motion for summary judgment." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005). "Affidavits composed of hearsay and opinion evidence do not satisfy Rule 56(e) and must be disregarded." *State Mutual Life Assurance Company v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979). *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 584-85 (6th Cir.1992) (observing that statements contained in plaintiff's Rule 56(e) affidavit were "nothing more than rumors, conclusory allegations and subjective beliefs which are wholly insufficient to establish a claim of discrimination").

## II.    Defendants' motion to strike Weisgerber Affidavit

Plaintiff's complaint involves a claim of retaliatory transfer from Riverside Correctional Facility (RCF) that occurred on November 18, 2005. Plaintiff alleges that defendants violated his First Amendment rights when they transferred him in retaliation for filing a lawsuit and for complaining about asbestos in his cell. Plaintiff further alleges that because of the transfer, he was deprived of some legal documents in other litigation, to wit, *Johnson v. Marble*, No. 4:05-cv-54 (W.D. Mich.), and had to voluntarily dismiss that lawsuit.

Inmate Weisgerber has been identified as plaintiff's former legal writer. Weisgerber has submitted a 10-page affidavit, consisting of unnumbered paragraphs. *See* docket no. 84. As an initial matter, the entire affidavit is subject to be stricken because it is not based upon Weisgerber's personal knowledge as required under Fed. R. Civ. P. 56(e). Weisgerber concludes his 10-page affidavit with the following statement:

> All of the information that is contained in this Affidavit are [sic] true to the best of my <u>knowledge, information, and belief</u>.  I would be willing to testify to the events that occurred in this Affidavit in a Court of Law.

Wesigerber Aff. at p. 10 (emphasis added).  Because Weisgerber's affidavit is based, at least in part, upon "information [] and belief," it cannot form the basis facts in opposition to a motion for summary judgment, see *Ellis*, 432 F.3d at 1326; *Mitchell*, 964 F.2d at 584-85, and is subject to being stricken on that basis.  However, because the affidavit also contains some facts of which Weisgerber has personal knowledge, the court will not strike the entire affidavit.

Weisgerber's affidavit relates to incidents that occurred at RCF in May 2006, nearly six months after plaintiff's transfer.  Weisgerber was not at RCF at the time that plaintiff was transferred and has no first hand knowledge of the events that led to the transfer.  The only facts relevant to plaintiff's suit, of which Weisgerber has first-hand knowledge, are those facts related to his own transfer from RCF, as set forth in portions of the paragraph beginning at the bottom of page 1, the second paragraph on page 2, and the first full paragraph on page 9 of the affidavit.  Specifically, Weisberger's statements are that:

> Originally, I was transferred for investigation for "overfamiliarity with staff," . . . However, for the record, there were no MISCONDUCTS WRITTEN. . . .
>
> On <u>May 3, 2006</u>, I was returned to RCF . . . .
>
> In response to the affidavit of ARUS Beardslee, this Affiant will state for the record that the allegations of me being "found in possession of a maintenance key," are totally untrue.  There was an inmate caught with the aforementioned "key," in 2004, not late 2005 . . . and this other inmate I mentioned was issued a misconduct for the "key."  However, I was not the inmate in question. . . .

Accordingly, defendants' motion to strike the Weisberger affidavit (docket no. 81) is **GRANTED IN PART**.  All the statements set forth in the Weisberger affidavit are stricken, with the exception of the statements listed above, Weisgerber's signature, and the notary jurat.

### III. Plaintiff's motion to strike affidavits

For his part, plaintiff seeks to strike the affidavits of Lionel Haskins, Matthew Macauley and Shree Beardslee because: (1) the affidavits consist primarily of hearsay; (2) the affidavits contain "opinion as evidence;" (3) the affidavits contain "non-professional, unsubstanuated [sic] documentations evidencing to facts attested to;" (4) the affidavits allege matters that are not within the affiant's personal knowledge, i.e., "knowledge of what others are thinking or planning;" and (5) the affidavit of Shree Beardslee was filed in bad faith and contains false statements.

#### A. Haskins Affidavit

The court has reviewed the Haskins affidavit and finds that it complies with the requirements of Rule 56(e). However, the court notes that paragraph 7 of the affidavit discusses "documents referenced in this affidavit." Because there are no such "documents" referenced in the affidavit, paragraph 7 is a nullity and will be stricken.

#### B. Macauley Affidavit

Similarly, the court has reviewed the Macauley affidavit and finds that it complies with the requirements of Rule 56(e). However, the court notes that paragraph 7 of the affidavit discusses "documents referenced in this affidavit." Because there are no such "documents" referenced in the affidavit, paragraph 7 is a nullity and will be stricken.

#### C. Beardslee Affidavit

Finally, the court has reviewed the Beardslee affidavit, and finds that it complies with the requirements of Rule 56(e) with the exception of paragraphs 8 and 17. Paragraph 8 states as follows:

> I am informed and believe that Assistant Deputy Warden Macauley and Deputy Warden Doug Dingeldey were doing a unit inspection at some point in 2004, and someone discovered upon inspecting Johnson's room that someone had tried to paint the pipe coverings. There was paint on the window and floor.

This statement, being made on information and belief, as opposed to personal knowledge, cannot raise a genuine issue of fact to support a motion for summary judgment. *See Ellis*, 432 F.3d at 1326. In addition, paragraph 17 is duplicative of paragraph 16. For these reasons, paragraphs 8 and 17 will be stricken.

### D.     Conclusion

Plaintiff's motion to strike affidavits (docket no. 86) is **GRANTED IN PART**. The following portions of the affidavits are stricken: paragraph 7 of the Haskin affidavit; paragraph 7 of the Macauley affidavit; and paragraphs 8 and 17 of the Beardslee affidavit.

**IT IS SO ORDERED.**

Entered: June 29, 2007         /s/ Hugh W. Brenneman, Jr.
                               HUGH W. BRENNEMAN, JR.
                               United States Magistrate Judge