UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TRACY LYNN JOHNSON,

        Plaintiff,                      Case No. 1:06-CV-374

v.                                         HON. GORDON J. QUIST

SHREE BEARDSLEE, et al.,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on June 29, 2007, in which the magistrate judge recommended that the Court grant the Defendants' motion for summary judgment and deny Plaintiff's motions for preliminary injunction and for leave to file a supplemental complaint. In particular, the magistrate judge determined that Plaintiff's complaint failed to state a claim and that Plaintiff's supplemental complaint, which seeks to add two defendants, would be futile. Moreover, because Plaintiff's complaint failed to state a claim, the magistrate judge determined that there is no likelihood that Plaintiff's claim will succeed on the merits, so that Plaintiff's motion for preliminary injunction should be denied on that ground.

      After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Plaintiff objects to the magistrate judge's act of ruling on Defendants' motion for summary judgment without allowing Plaintiff to first conduct additional discovery.  Plaintiff claims that the magistrate judge "has prejudiced the plaintiff by misleading the plaintiff" that the qualified immunity issue was to be decided first, followed by a decision "to open or keep closed discovery." (Obj. at ¶ 2.)  Plaintiff concedes that Plaintiff was aware that the Court was considering Defendants' claim of qualified immunity.

The magistrate judge, in examining the Defendants' qualified immunity claims and motions for summary judgment, determined that, as the threshold issue to the analysis, Plaintiff failed to show that there was a constitutional violation.  Specifically, the magistrate determined that Plaintiff did not have a constitutional right to remain at Riverside Correctional Facility and that there was no evidence that Plaintiff's transfer from that facility inhibited Plaintiff's ability to access the courts or file grievances.  Furthermore, to the extent that Plaintiff relied on the dismissal of Plaintiff's previous lawsuit as the basis for the retaliation claim, the magistrate judge properly concluded that because Plaintiff voluntarily dismissed that lawsuit without prejudice, Plaintiff cannot use that dismissal as the basis for a subsequent First Amendment retaliation claim.  *See Martinez v. Lueva*, 174 F. App'x 235 (5th Cir. 2006).  Based on these considerations, the magistrate judge did not err in concluding that Plaintiff failed to demonstrate a constitutional violation.

Plaintiff does not object to the magistrate judge's recommendation that Plaintiff's motions for preliminary injunction and for leave to file a supplemental complaint be denied.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued on June 29, 2007 (docket no. 100), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that the Defendants' motion for summary judgment (docket no. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for preliminary injunction (docket no. 56) and for leave to file a supplemental complaint (docket no. 60) are **DENIED**.

This case is **concluded**.


Dated:  August 8, 2007                    /s/ Gordon J. Quist
                                                                       GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE